UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMMY ANN A.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 2:18-cv-00013-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

    Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 14, and Defendant's Cross-Motion for Summary Judgment, ECF No. 15. The motions were heard without oral argument. Plaintiff is represented by Dana Madsen; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Justin L. Martin.

    For the reasons set forth below, the Court **denies** Plaintiff's motion, **grants** Defendant's motion, and **affirms** the administrative law judge ("ALJ) decision denying disability benefits.

### Jurisdiction

    On February 19, 2014, Plaintiff filed a Title XVI application for supplemental security income. Plaintiff alleged an onset date of February 1, 2014.

    Plaintiff's application was denied initially and on reconsideration. On

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

May 19, 2016, Plaintiff appeared and testified at a hearing held in Spokane Washington before an ALJ. Joseph A. Moisan also participated as a vocational expert, as well as H.C. Alexander III, M.D., who participated as a medical expert. Plaintiff was represented by Dana C. Madsen.

The ALJ issued a decision on June 20, 2016, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on November 13, 2017. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed an appeal with the United States District Court for the Eastern District of Washington on January 12, 2018. ECF No. 3. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

benefits are denied. 20 C.F.R. § 416.920(b). If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

here. At the time of the hearing, Plaintiff was 50 years old. She was a homemaker and took care of her four kids. She does not have any work history.

In 2013, she had surgery on her back due to associated low back pain and radicular pain/numbness in her lower extremities. Although it was a long recovery, the pain in her left leg improved. In 2015, she had an acute episode causing her pain on the right side and leg. Due to a moderate disk bulge, she had emergency surgery, which alleviated the sharp shooting pain down her leg. Plaintiff declined to engage in physical therapy following her surgeries.

She continues to complain of leg pain. She also experiences heart palpitations, fatigue, and migraine headaches, and she complains of hearing loss.

## The ALJ's Findings

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February19, 2014, which is the application date. AR 54.

At step two, the ALJ found Plaintiff has the following severe impairments: lumbar degenerative disc disease, status-post two surgeries. AR 56.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 58. Specifically, the ALJ considered Listing 1.04 (Disorders of the Spine).

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> medium work as defined in 20 C.F.R. 416.967(c) except: she is limited to walking 30 minutes at a time; she cannot climb ladders, ropes, or scaffolds, and can only occasionally perform all other postural activities; she can have only occasional exposure to extreme cold/heat and vibration, and can have no exposure to hazards such as unprotected heights and moving mechanical parts.

AR 58. At step four, the ALJ found that Plaintiff has no past relevant work. AR 61.

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

Because Plaintiff's ability to perform all or substantially all the requirements of medium work has been impeded by additional limitations, the ALJ asked the vocational expert whether jobs existed in the national economy for an individual with Plaintiff's age, education, work experience, and residual functional capacity. The vocational expert identified the following representative occupations: (1) airplane cleaner; (2) advertising material distributor; (3) floor waxer; and (4) grocery bagger. The vocational expert also testified that representative occupations existed in the national economy even if Plaintiff was limited to light level work: (1) parking lot attendant; (2) maid, housekeeper; and (3) marker.

## Issues for Review

1. *Whether the ALJ properly assessed Plaintiff's subjective symptom claims.*

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quotations marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear, and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these

claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases. *Garrison*, 759 F3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3).

Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Plaintiff argues the ALJ improperly discredited her symptom claims. The ALJ identified the following reasons for concluding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record: (1) the objective evidence does not support the level of limitation claimed; (2)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

her allegations of ongoing pain are contradicted by her reports to the pain clinic that her functional level is 7-8/10 much of the time; (3) Plaintiff has reasonably high functioning activities of daily living that are inconsistent with her allegations of disabling pain; (4) Plaintiff has no work history; (5) Plaintiff failed to engage in treatment commensurate with her alleged disability and (6) no medical provider has imposed significant work-related limitations.

The ALJ's conclusions regarding Plaintiff's symptom testimony are reasonable and supported by substantial evidence in the record. The ALJ provided specific, clear and convincing reasons to find Plaintiff not disabled. Notably, Plaintiff reported that the "medication regiment is working well and enables her to live a productive life." The record indicates that her surgeries were successful in reducing her leg pain. Her reports of fatigue are not supported by any objective findings and/or diagnoses. Plaintiff was able to prepare a full Thanksgiving dinner in 2015. She has never attempted to work, suggesting that it is not her medical condition that is the reason for her current unemployment. Finally, Plaintiff has not provided an adequate justification for failing to attempt or complete physical therapy.

Plaintiff has not argued, or shown, that the ALJ erred in not giving proper weight to the medical opinions in the record. Moreover, because the hypothetical posed by the ALJ contained all of Plaintiff's limitations that the ALJ found to be supported by the record, the ALJ reasonably relied on the vocational expert's testimony to find that Plaintiff was not disabled.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **DENIED**.
2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.
3. The decision of the Commissioner denying benefits is **affirmed**.

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 1st day of March 2019.

<u>*s/Robert H. Whaley*</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**